Curia, per

O’Neall, J.
This Court is entirely satisfied, that the costs of the issue, in which it was held that the prisoner was guilty of an escape and could not therefore be discharged, could not be included in a verdict on the prison bounds bond, against the defendant and his securities; and the case of Leslie and Calhoun vs. Taggart, et al. decided at this Term, may be referred to as a perfect analogous authority, on this very point. But it seems, that the plaintiffs’ attorney merely intended to claim to be allowed to tax costs against the defendant alone: and after a full review of all the authorities, I think he is entitled *22 to do so. The 7th sec. of the prison hounds Act, 5 Stat, at Large 80, enacts that “when the prisoner is accused of fraud, the Judge, or Justice, before whom the prisoner is brought, shall direct a jury to be empannelled and sworn to determine the fact.” This makes the case a suit at law between the parties, on the question of fraud, or no fraud: and whether such a case arise by operation of law, or by the order of the Court, the rule is, I think, that the party, prevailing in the issue, is entitled to tax costs. In Fabre vs. Zylstra, 2d Bay. 148, the issue was made up under the insolvent debtor’s Act, which does not direct the question of fraud to be tried í)y a jury. But, the Judges thought that it was the proper course. In allowing the issue, they did not make any order directing the costs to abide the event, which certainly would have been done, if the law had been otherwise. In Denton vs. English 2 N. & M’C. 377; the question,- as to costs, arose on an appeal from the Ordinary and they were not allowed; and that case has led to the confusion, on the matter of costs on feigned issues at law. When it is examined, it .will be found, however, to rest on the peculiar features of the case before the Court. The verdict was not to be followed by a judgment of the court of law; it was to be returned to the Court, out of which the appeal came, and would there have its final effect; and hence, costs at law could not be awarded. Judge Colcock, who delivered the judgment, rested his opinion very much upon that view. For, he said, speaking of an issue from Chancery, as illustration of the question then in hand; “The costs do not follow the verdict, as matter of course; but the finding of the jury is returned to the Court that ordered it, where the costs are discretionary.” In a subsequent part of his opinion, he says, “where an issue feigned is ordered by the Court, and a verdict, the costs may be made to abide the event: but there, it is considered, as a case arising in Court, and stands on the footing of all other causes originating in the Court and may be regulated by order:” At first, I was disposed to take the view suggested by the closing words, which I have quoted, and to lay it down, that in all collateral issues made up by the order of the Court, or by operation of law, the Court must direct the costs to *23 abide the event. And, in most cases,, such a practice is very commendable. In issues, ordered by the Court, it ought always to be pursued. It has, in such cases, the sanction of Posey vs. Underwood, 1st Hill. 266. But in issues which the parties are entitled to make up, as a matter of legal right, or when the Court neglects to make an order on a feigned issue, regulating the payment of costs, I am satisfied costs follow the result of the case so made. In attachment cases, where the return of the garnishee is discharged and an issue is made up, the Act subjects the party failing, to costs, Westmoreland vs. Tippens, 1st Bail. In Oldknow vs. Wainwright, & Rex vs. Foxcroft, Burr. 1017 it was a feigned action under a rule, by consent, to try the right of election to the office of Town Clerk of Nottingham. By the order, directing the issue, costs were to abide the event. At page 1022, is found the judgment of Lord Mansfield, upon the question, whether the costs of the quo warranto and mandamus, out of which the feigned action arose, should be taxed against the defendant, as well as the' costs of the feigned action. He said that “the costs on the civil side (arising on the issue only) would, of course, abide its event, without needing any rule, or consent for that purpose, (that point having been fully settled long before the making of the present consent rule.”) In Hoskins vs. Beckley 4 T. R. 4 there were feigned issues, and it was held that costs, as a matter of course, followed the event. But the Court intimated an opinion, that as feigned issues were only granted by leave of the Court, it would be prudent, in future, when they permitted such issues to be tried, to compel the parties, that the costs should be in the discretion of the Court. In Herbert vs. Williamson 1 Wils. 324, it was ruled, that the costs followed the verdict on a feigned issue; and in it, the Judges use the strong expression “costs, by law, follow the verdict.” They also draw the distinction between issues ordered from another Court, and issues arising at law; and assign the reason why costs at law are not allowed in the former. They say “on an issue directed by Chancery, this Court gives no costs, but the finding of the jury is returned to Chancery and the costs there are in the discretion of Court, because the statutes giving costs do not extend to that Court.” In *24 Rex vs. Phillips, Id. 260, the issue was to try the validity of a by-law, it was held that costs followed the judgment on the feigned issue. From this review of authority, I think it is clear, that the plaintiff in the issue, under the prison bounds Act, is entitled to tax costs against the defendant, so far as the same may be provided for by the fee bill of 1827, Acts of 1827, page 55. The motion to reverse the decision below is dismissed; but the plaintiffs have leave to tax the costs of the issue against the defendant alone.
JOHN B. O’NEAEL.
We concur: J. S. Richardson, Josiah J. Evans, B. J. Earle, A. P. Butler.